62 F.3d 320
 In re CHARGE OF JUDICIAL MISCONDUCT.
 No. 94-80370.
 
 Judicial Council for
the Ninth Circuit.
 July 13, 1995.
 Before: J. CLIFFORD WALLACE, Chief Judge.
 
 ORDER
 
 1
 A complaint of misconduct has been filed against a bankruptcy judge of this circuit. Administrative consideration of such complaints is governed by the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability (Misconduct Rules), issued pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 (the Act). 28 U.S.C. Sec. 372(c).
 
 
 2
 Complainant, who represented the debtor in a bankruptcy case, charges that the bankruptcy judge committed misconduct by violating Canon 3(A)(3) of the Code of Conduct for United States Judges, which states that a judge should be courteous and patient to litigants, by interrupting complainant's oral argument. Complainant states that he was "repeatedly 'cut off' and interrupted by the Judge in a discourteous, abrupt, impatient, harsh and unfair manner at least 19 times in two separate hearings," thus making it "impossible to present a decent rebuttal."
 
 
 3
 Complainant also charges that the bankruptcy judge violated Canon 3(A)(4), which states that a judge should avoid certain ex parte communications, by discussing the complainant's handling of post-petition legal fees with another bankruptcy judge. The other bankruptcy judge apparently stated that he had "run into this same problem" in another bankruptcy action in which complainant served as debtor's counsel. Complainant accuses the bankruptcy judge of relying on this information when deciding complainant's case.
 
 
 4
 The Act is not designed to enforce the Code of Judicial Conduct for United States Judges. The guide is whether the conduct about which a complaint was filed was "prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. Sec. 372(c)(1). The Act's legislative history suggests that Congress intended that judicial councils consider the Code of Conduct, but not be bound by it. S.Rep. No. 362, 96th Cong., 1st Sess. 9 (1979), reprinted in 1980 U.S.C.C.A.N. 4315, 4323. The Misconduct Rules acknowledge that " '[c]onduct prejudicial ...' is not a precise term," and certainly the language of the Canons can be considered in the interpretation of that term. Misconduct Rule 1(b). However, the commentary to the Code of Conduct states that although "[t]he Code may also provide standards of conduct for application in proceedings under the [Act], ... it is not intended that disciplinary action would be appropriate for every violation of its provisions." Commentary to Canon 1.
 
 
 5
 The Canons cannot be the standard for judicial discipline. The Canons are aspirational goals, voluntarily adopted by the judiciary itself, "designed to provide guidance to judges and nominees for judicial office." Commentary to Canon 1. With the Act, Congress imposed a standard for discipline that is significantly lower than, and conceptually different from, the ideals embodied in the Canons.
 
 
 6
 For example, the Canons' scope is broad enough to include purely private conduct by judges, whereas the Act specifically excludes such extrajudicial conduct from its jurisdiction. "Complaints relating to the conduct of a member of the judiciary which are not connected with the judicial office or which do not affect the administration of justice are without jurisdiction and therefore outside the scope of this [Act]." S.Rep. No. 362, 96th Cong., 1st Sess. 3 (1979), reprinted in 1980 U.S.C.C.A.N. 4315, 4316-4317. For example, a judge's membership in a private club, although discussed in the Code of Conduct, would not normally be a proper subject for disciplinary action under section 372(c) of the Act--it has nothing to do with the effective and expeditious administration of the business of the courts.[1] This is not to say that a judge's personal conduct is not important ethically; the Canons give guidance in a great number of areas of personal conduct. Similarly, the Canons set high standards in many areas of judicial conduct, but those ethical standards should never supersede the congressionally set standards for the imposition of discipline. Judicial discipline under the Act is not, and was never meant to be, coextensive with judicial ethics as embodied in the Canons.
 
 
 7
 While perhaps a judge's rudeness could be so egregious as to constitute misconduct under the Act, the incidents at issue here do not rise to that level. Whether or not the bankruptcy judge demonstrated a lack of courtesy inconsistent with Canon 3(A)(3) as alleged in the complaint is not an issue I can or should decide here. Complainant has not shown that the bankruptcy judge's behavior interfered with the "effective and expeditious administration of the business of the courts...." Misconduct Rule 4(c)(1); 28 U.S.C. Sec. 372(c)(1). Although complainant alleges he was not allowed to present an effective rebuttal, the record shows that the bankruptcy judge understood complainant's argument, but was not persuaded by it. A reasonable explanation is that the bankruptcy judge prevented complainant from wasting the court's time pursuing and elaborating a fruitless line of argument. This act was well within the bankruptcy judge's discretion. This charge, therefore, is dismissed.
 
 
 8
 Similarly, as to complainant's second charge, the record shows that the bankruptcy judge did talk to another bankruptcy judge about complainant's actions and that the other bankruptcy judge was critical of complainant. The record fails to show, however, that the bankruptcy judge relied on the other bankruptcy judge's opinion. He ruled against complainant only after complainant admitted to wrong-doing in open court. Again, there is no evidence that the judge's action was "prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. Sec. 372(c)(1). Indeed, even under the higher ethical guidelines of the Code of Conduct on which complainant purports to rely, judges are allowed to consult with each other about pending cases. See Commentary to Canon 3(A)(4). This charge, therefore, is dismissed.
 
 
 9
 This is not to say the Canons are not important. They are. As a judiciary, we should do all we can to educate and motivate judges to achieve the aspirational goals of the Canons. But the judicial misconduct procedures were not meant to be nor are they designed to enforce those goals.
 
 
 10
 COMPLAINT DISMISSED.
 
 
 
 [1]
 The legislative history was discussed in the Hastings case:
 It should be stressed that Congress's concern ... was focused on a judge's judicial conduct and not primarily on personal extrajudicial behavior. It was for this reason that a separate standard for misbehavior, "conduct prejudicial to the administration of justice by bringing the judicial office into disrepute," was deleted by the Senate Judiciary Committee for fear that such a general disrepute standard directly embodied in the statute could be used to intrude into a judge's personal life unrelated to his or her judicial conduct. See 125 Cong.Rec. S15,385 (daily ed. Oct. 30, 1979) (statement of Sen. Thurmond).
 Hastings v. Judicial Conference of United States, 593 F.Supp. 1371, 1382 n. 28 (D.D.C.1984).