91 F.3d 1416
 In re CHARGE OF JUDICIAL MISCONDUCT.
 No. 96-10-372-01.
Judicial Council of
the Tenth Circuit.
 Aug. 1, 1996.
 
 SEYMOUR, Chief Judge.
 
 
 1
 Complainant has filed a complaint of judicial misconduct against a magistrate judge in this circuit. Consideration of such complaints is governed by 28 U.S.C. § 372(c) and by the Rules of the Judicial Council of the Tenth Circuit Governing Complaints of Judicial Misconduct.
 
 
 2
 Complainant is a Nevada state deputy district attorney. He charges that respondent magistrate judge engaged in conduct "prejudicial to the effective and expeditious administration of the business of the courts" in violation of section 372(c) by making a telephone call to complainant concerning a person arrested on a warrant from Nevada and held in the magistrate judge's home state. Complainant charges that respondent, whose secretary was the arrestee's sister, immediately identified himself as a federal magistrate and stated that he was not calling as the arrestee's attorney.[1] Complainant further asserts that respondent requested that complainant release the arrestee and when complainant refused, respondent commented on the facts of the case, the nature and quality of the evidence, and the character of the parties involved. Complainant charges that respondent expressed his opinion that the arrestee was innocent, repeatedly vouched for the arrestee, and personally guaranteed that the arrestee would appear in complainant's jurisdiction to answer the charges. Respondent allegedly stated that he had a local judge standing by who was prepared to release arrestee if complainant would agree.
 
 
 3
 Respondent was requested to file a written response to the complaint. Upon receipt of this response, a Special Committee was appointed pursuant to Misconduct Rule 9 to investigate the complaint. The Committee retained an investigator, who took the depositions of those involved and issued a report to the Special Committee. The Special Committee recommended dismissal of the Complaint to the Judicial Council. This order is the product of the Special Committee report and recommendation.
 
 
 4
 Conduct prejudicial to the effective and expeditious administration of the business of the courts "includes such things as use of the judge's office to obtain special treatment for friends and relatives, acceptance of bribes, improperly engaging in discussions with lawyers or parties, and other abuses of judicial office." Misconduct Rule 1(b). The investigator concluded that the facts as alleged by complainant were essentially undisputed, but that those facts did not constitute judicial misconduct under the above definition. Specifically, the investigator concluded that respondent's identification of himself as a federal magistrate was made in the context of explaining that he was not acting as the arrestee's attorney, and was misinterpreted by complainant. The investigator therefore concluded that respondent's reference to his judicial position was not an improper attempt to use the prestige of his office to influence complainant. The investigator further concluded that respondent's expression of his opinions about the merits of the case was clearly taken by all parties as merely an expression of his personal opinion and not an expression of his view as a judge. Finally, the investigator concluded that respondent's statement that he had a local judge standing by was not an improper suggestion of influence upon the local judiciary, but rather was understood by all as a statement that a judge would be available to authorize the arrestee's release after regular office hours.
 
 
 5
 Upon reviewing the report and the underlying evidence, the Special Committee found and concluded that respondent's actions did not constitute judicial misconduct as defined by statute and the Misconduct Rules. In so doing, the Committee pointed out that respondent's conduct may well have violated Canon 2 B of The Code of Conduct for United States Judges. This Canon directs a judge to avoid the appearance of impropriety. The commentary to that Canon states that a judge should avoid lending the prestige of his office to advance the private interests of family or friends in litigation. The fact that a judge's conduct violates the Canons, however, does not necessarily mean that it constitutes judicial misconduct. See In re Charge of Judicial Misconduct, 62 F.3d 320 (9th Cir.1995). "Judicial discipline under the Act is not, and was never meant to be, coextensive with judicial ethics as embodied in the Canons." Id. at 322.
 
 
 6
 This is not to say the Canons are not important. They are. As a judiciary, we should do all we can to educate and motivate judges to achieve the aspirational goals of the Canons. But the judicial misconduct procedures were not meant to be nor are they designed to enforce those goals.
 
 
 7
 Id. at 322-23.
 
 
 8
 The judicial council adopts the report of the Special Committee. The conduct charged here does not constitute judicial misconduct. The complaint is therefore dismissed.
 
 
 
 [1]
 Respondent is a part-time federal magistrate and is therefore statutorily allowed to engage in private practice with some specific restrictions that address conflicts of interest. See The Guide to Judiciary Policies and Procedures, Vol. II, Chap. III