*1202 WINMILL, District Judge,
dissenting:
I agree with the majority opinion that we should affirm the Chief Judge’s finding that the allegations of an inappropriate personal relationship are baseless. Indeed, the charges are not only baseless, but scurrilous and contemptible.
There remains, however, persuasive evidence of misconduct that has not been addressed by either the Chief Judge or the majority. The majority approaches this issue by finding that if any misconduct has been committed, it was corrected by (1) the finding in Canter that the district judge committed an abuse of discretion, In re Canter, 299 F.3d 1150, 1152 (9th Cir. 2002); (2) the district judge’s referral of the case to another judge who ultimately sent the case back to the bankruptcy court, and (3) the district judge’s apology.
I disagree with both the methodology of this approach and its conclusions. It is impossible to determine if misconduct has been corrected until the misconduct is precisely identified. Once the misconduct is identified in this case, it becomes clear that it has never been corrected.
The analysis must begin by asking whether there is misconduct. The complaint alleges that the district judge committed misconduct by enjoining the eviction of Ms. Canter on the basis of ex parte information without giving anyone notice or a chance to respond. The record supports this charge. In letters to the Council, the district judge himself explains that on the basis of ex parte information he received from Ms. Canter, he decided to benefit her by enjoining a state court judgment evicting her from the home in which she was residing. Ms. Canter did not own that residence, and the district judge gave the owners no notice and no opportunity to be heard. By staying the eviction, the district judge allowed Ms. Canter to occupy “the property rent-free for almost three years, resulting in a $35,000 loss of rental income.” Canter, 299 F.3d at 1154.
Dispensing an ex parte favor without notice or an opportunity to be heard is “conduct prejudicial to the effective ... administration of the business of the courts.” See 28 U.S.C. § 351(a); see also Rule 14(f) of the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability. This phrase includes “improperly engaging in discussions with ... parties to cases in the absence of representatives of opposing parties, and other abuses of judicial office.” Id. at Rule 1(c). The district judge’s conduct appears to fall precisely within this definition. His conduct also appears to violate Canon 3(a)(4) of the Code of Conduct for United States Judges, which directs judges to accord to the parties a “full right to be heard according to the law.”
Of course, the Canons are only guidelines, and so not all violations of the Canons amount to misconduct. In re Charge of Judicial Misconduct, 62 F.3d 320 (9th Cir.1995). However, dispensing an ex parte favor, without giving anyone notice or an opportunity to be heard, goes beyond a disregard for guidelines, and strikes at the very heart of due process. It is not merely “prejudicial” but is outright destructive “to the effective administration of the business of the courts.”
Once the misconduct is identified in this way, the three corrective actions identified by the majority can be seen in a different light. First, the finding in Canter that the district judge abused his discretion is a resolution of an appellant’s legal claim, not an admonishment of a judge’s conduct. Indeed, Canter never addressed in any way the misconduct issue before us.
*1203 Second, the district judge’s referral to another judge for review did not occur until seventeen months had passed from the date the stay of eviction was entered. This action did nothing to correct the original misconduct of staying the eviction based upon an ex parte communication and without notice or an opportunity to be heard.
Finally, while it is commendable that the district judge apologized for failing to explain his actions, that apology misses the mark. The misconduct is not the failure to explain, but the granting of an ex parte favor without giving anyone notice or a chance to respond. The district judge has never apologized for that. Because the district judge’s apology fails to address the misconduct, it cannot be deemed corrective action.
Judge Kozinski’s dissent reveals in much more detail the powerful and persuasive evidence of misconduct in this case. Ultimately, however, I cannot join his dissent because the district judge has had no opportunity to provide a defense. While the district judge submitted letters in response to questions, he has never been given a full opportunity to present his defense.
Given that, we should invoke our authority under Rule 5 to “return the matter to the Chief Judge for further action,” and direct the Chief Judge to use her authority under Rule 4(e) to appoint a Special Committee, constituted as provided in Rule 9, to resolve the issues raised here. Under Rule 11, the Special Committee has the authority to hold hearings where the district judge may put on a full defense, including witnesses if necessary.
The record in this case creates a stark appearance of misconduct. A further investigation is absolutely necessary, and therefore I cannot join in the majority opinion. At the same time, I cannot join in Judge Kozinski’s dissent: If we rush to judgment, we deny to the district judge the very due process that he is accused of denying to others. By allowing the district judge a formal opportunity to respond to these very serious charges, we preserve his rights and confront the misconduct issue directly. For these reasons, I have filed this separate dissent.