**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRELL G. HAFEN,

　　　　Plaintiff-Appellant,

　　v.

KEVIN CARTER, Director, and
MICHAEL MORRIS, Chairman, of
STATE OF UTAH SCHOOL AND
INSTITUTIONAL LANDS
ADMINISTRATION (SITLA),

　　　　Defendants-Appellees.

No. 08-4007

(D. of Utah)

(D.C. No.2:06-CV-989-TC)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Darrell G. Hafen appeals the district court's *sua sponte* dismissal of his pro

se complaint.[1] In the complaint, Hafen alleged the State of Utah School and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Hafen is proceeding pro se, we review his filings liberally. *See*

(continued...)

Institutional Trust Lands Administration (SITLA) violated his state and federal constitutional rights by (1) reneging on a supposed contract to purchase 10,000 acres of land from the State of Utah, and (2) undermining his plans to build a solar city on a separate parcel. Hafen demanded that either he be allowed to attend any future SITLA meeting concerning the two parcels or SITLA be prohibited from holding such a meeting. Because Hafen proceeded *in forma pauperis* (IFP), the district court *sua sponte* dismissed Hafen's complaint as frivolous, concluding the factual allegations to be wholly incredible and fantastic. 28 U.S.C. § 1915(e)(2)(B)(i).

We agree with the district court's reasoning and therefore DISMISS this appeal.

## I. Background

The magistrate judge's opinion describes well the factual and procedural background of this case. *See* R., Vol. II, Doc. 43. We summarize only a few key points, highlighting the wholly speculative nature of Hafen's allegations.

Hafen alleges he entered into a contract with the State of Utah to purchase 10,000 acres of land. At the same time, he alleges he contracted with a private landowner to purchase a plot adjacent to the 10,000 acres. After the private contract was entered, the landowner demanded Hafen pay him twice the agreed

---

[1](...continued)
*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

upon price or he would shoot Hafen. Knowing that person to have a history of violence, Hafen did not purchase his parcel and also asked the State of Utah to put the 10,000-acre contract "on hold." Hafen then waited for the landowner and his three sons to die. They are now allegedly deceased.

Hafen also claims he spoke during a special session of the Utah legislature, expressing his intention to build a solar city on another large plot of land, known as "the south block."

Hafen then learned that SITLA was contemplating to use or sell both the 10,000-acre plot and the south block. A SITLA meeting regarding these two parcels was allegedly scheduled for November 30, 2006, and Hafen sought to speak at the meeting. But SITLA executives, the two Defendants in this case, allegedly prohibited him from doing so.

Hafen sued, alleging that SITLA and unnamed co-conspirators destroyed his contract for the 10,000 acres and took the south block away from him. In various documents filed with the complaint, Hafen also related the following: he was possibly suffering from Alzheimer's disease; he was taking a leave of absence from his current job to work with California Governor Schwarzenegger (his personal acquaintance); and he could use his relationship with Governor Schwarzenegger to help all western states with water and power issues.

## II. Discussion

Hafen proceeded IFP below and is thus subject to the requirements of 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), district courts must dismiss an IFP complaint if it "is frivolous or malicious." The term "frivolous" in this context refers to a complaint containing "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2] The legal standard for dismissal under § 1915(e)(2)(B)(i) differs from that of a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 325–28; *see also McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991). Under § 1915(e)(2)(B)(i), district court judges have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"—for example, "claims describing fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327–28. Thus, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When, as here, the district court's determination of frivolousness does not turn on an issue of law, we review a *sua sponte* dismissal under § 1915(e)(2)(B)(i) for abuse of discretion. *Id.* at 27, 33. Carefully reviewing all

---

[2] *Neitzke* and all other cases we cite dealt with § 1915(d), which in 1996 became § 1915(e)(2)(B)(i).

filings, the district court concluded Hafen's "pleadings are replete with incredible and fantastic factual allegations that have little or no relation to his asserted legal claim," and "most, if not all, of those allegations have little or no basis in fact." R., Vol. II, Doc. 43 at 10.

We do not see an abuse of discretion in this determination and agree with the district court's conclusion.

### III. Conclusion

For the foregoing reasons, we DISMISS Hafen's appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge