**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JANET JAMISON,

        Plaintiff - Appellant,

    v.

COSTCO WHOLESALE; JOHN
MCKAY, Senior Vice President of
Operations, Northwest Region; DAVE
HARRUFF, Vice President of
Operations, Northwest Region;
KEVIN CAMPBELL, Warehouse
Manager #113,

        Defendants - Appellees.

No. 07-4278

(D. Utah)

(D.C. No. 2:07-CV-00629-TC)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Janet Jamison appeals the dismissal of her *in forma pauperis* civil-rights

complaint by the United States District Court for the District of Utah on the

ground that it was frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I) (authorizing

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of frivolous *in forma pauperis* complaints). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Ms. Jamison filed suit against Costco Wholesale and three of its employees on September 24, 2007. Her pro se complaint alleged that the defendants had violated 42 U.S.C. § 1985 and Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12181 et seq.). The 55-page complaint (not including attachments) cannot easily be summarized. But its flavor can be conveyed by reciting the following allegations that the complaint appears to make: In 1988 Ms. Jamison's employer, Allstate Insurance Company, acting without her permission, attached her to an "'integrated' communications system" that allowed others to read her thoughts and control her thoughts, behavior, and bodily functions. R. Vol. II, Doc. 6 at 5 (Civil Rights Complaint). Because she is being held on the system, she is unable to obtain physical evidence proving its existence. Costco used "the system" to monitor and stalk her, including in her bathroom at home; it ensured that the persons she encountered at the store were persons from her past or distant relatives of hers; it permitted members of the general public (which it presumably controlled) to make humiliating sexual comments and gestures in her presence; it contaminated her food with human waste (including her own), animal waste, human DNA, and breast milk; it revoked her membership without justification to humiliate her because she was poor; and it permitted "The People" to control her so that she acted in a racially

stereotyped manner when faced with discrimination and humiliation at Costco. After her Costco membership was cancelled, other places she frequented, including stores, a library, her apartment complex, the Social Security Administration Field Office, and the Utah Transit Authority Paratransit service, attempted to kick her out as well.

On October 1, 2007, Costco and the individual defendants entered a special appearance and filed a motion to dismiss on the ground that the court lacked subject-matter jurisdiction because the claim was "wholly insubstantial or frivolous." R. Vol. II, Doc. 13 at 2 (Special Appearance Defendants' Memorandum in Support of Motion to Dismiss) (internal quotation marks omitted). On October 12 Ms. Jamison filed a response which contended that (1) she had physical evidence in the form of contaminated products, although she could not obtain a laboratory analysis confirming that the products were contaminated; (2) she had witnesses, namely, Costco employees, but could not obtain their testimony; (3) the federal government is obligated to support her constitutional rights and her rights as a disabled person; and (4) the federal government is obligated to protect the general public's health and welfare. The magistrate judge assigned to the case issued a report and recommendation, which recommended that the lawsuit be dismissed because it lacked basis in fact and was frivolous. Ms. Jamison filed an objection to the report and recommendation; among other things it stated that she could not obtain an analysis showing that the

physical evidence in her possession was contaminated. On November 15, 2007, the district court adopted the report and recommendation and dismissed Ms. Jamison's lawsuit.

On appeal Ms. Jamison contends that the district court wrongly dismissed her cause of action even though it was allegedly aware of "the system" and its pernicious effects on her. She asserts that she can support her claim with physical evidence and witnesses; and she claims that the district court wrongly overlooked her disability (which is caused by the system), her inability to obtain "physical evidence" of the system while she is under its control, and her inability to shut down the system herself.

We review for abuse of discretion a district court's decision to dismiss an *in forma pauperis* complaint filed under 28 U.S.C. § 1915(e)[1] on the ground that it is frivolous. *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

---

[1]*Fratus* discussed a dismissal under 28 U.S.C. § 1915(d), but the subsection has since been redesignated as § 1915(e). *See* Pub. L. No. 104-134, § 804(a)(2), (5), 110 Stat. 1321 (1996).

Ms. Jamison's allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.  Thus, the district court did not abuse its discretion by dismissing the complaint.

We therefore AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge