**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LESTER JON RUSTON,

Plaintiff-Appellant,

v.

CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS; GORDON B.
HINCKLEY; VICTOR JAMES
RUSTON; MARGARET ELIZABETH
RUSTON; JERRY HENDERSON;
ALLISON RUSTON-SMITH; MEL
CHADWICK; IAN JAMES RUSTON;
BRAD OATES; LARRY K.
HERCULES; STATE OF TEXAS and
ROLLAND SAFE COMPANY,

Defendants-Appellees.

No. 08-4101

District of Utah

(D.C. No. 2:07-CV-00929-TS)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lester Jon Ruston was found not guilty of a criminal charge for reason of insanity, and is presently confined at the Federal Medical Center in Devens, Massachusetts, which houses male offenders requiring specialized or long-term medical or mental health care. He filed suit alleging racketeering and civil rights violations against the Church of Jesus Christ of Latter Day Saints, various relatives, the state of Texas, and other defendants. Mr. Ruston sought to proceed *in forma pauperis* without prepayment of fees, but the district court rejected his request pursuant to 28 U.S.C. § 1915(g). That provision of the Prison Litigation Reform Act ("PLRA") provides that a "prisoner" cannot proceed *in forma pauperis* before paying his filing fee in full when he has at three or more times filed a motion dismissed as "frivolous or malicious or fail[ing] to state a claim upon which relief may be granted." As the district court noted, Mr. Ruston has previously filed three or more such motions. Because Mr. Ruston failed to prepay his filing fee in full, the district court concluded that he could not proceed *in forma pauperis*, and dismissed the appeal.

Mr. Ruston argues, however, that he is not a "prisoner" within the meaning of the Act, and therefore that the "three strikes" provision of the PLRA would not prevent us from granting him leave to proceed *in forma pauperis*. Although we have never squarely decided the issue, other courts have found that mental patients are not "prisoners" within the meaning of the PLRA when they are confined as a result of being found not guilty by reason of insanity. *See*

-2-

*Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001); *see also Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding PLRA's definition of prisoner "appl[ies] only to persons incarcerated as punishment for a criminal conviction"). Nevertheless, we need not decide this issue because we have determined that Mr. Ruston's complaint is frivolous, and affirm the dismissal of his complaint on that ground.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is directed to dismiss an action involving a litigant seeking to proceed *in forma pauperis* at any time that it determines that the action is "frivolous or malicious." Although much of § 1915, by its terms, refers to prisoners, the principle is well-established that regardless of whether a litigant seeking to proceed *in forma pauperis* is a prisoner or not, a court may and should dismiss the action and refuse to appoint counsel where the action is frivolous. *See Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43 (1915). Indeed, we have often cited § 1915(e)(2)(B) when dismissing litigants' claims because frivolous, even where the litigants were not prisoners within the meaning of the PLRA. *See, e.g.*, *Jamison v. Costco Wholesale*, 280 Fed. Appx. 738 (10th Cir. 2008) (dismissing non-prisoner complaint under Americans with Disabilities Act under § 1915); *see also Hafen v. Carter*, 274 Fed. Appx. 701 (10th Cir. 2008); *Azubuko v. New Hampshire*, 175 Fed. Appx. 975 (10th Cir. 2006). Accordingly, Mr. Ruston cannot proceed if his action is frivolous, regardless of whether he is a prisoner within the meaning of the PLRA.

-3-

An action is frivolous under § 1915(e)(2)(B) if "the claim [is] based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (internal quotations omitted). Here, Mr. Ruston contends that defendants, including the Church of Jesus Christ of Latter Day Saints, various relatives, the state of Texas, and others, are engaged in a conspiracy designed to, among other things, destroy his small businesses, violate international law and the Convention Against Torture, and commit acts of stalking, kidnaping, attempted murder, torture, slander, robbery, bribery, and mail fraud. Mr. Ruston alleges facts including a massive "brain washing scheme" and asserts, amongst other things, that the state of Texas operates as a "R.I.C.O. racketeering enterprise." Complaint 3, 5.

After reviewing the factual basis for Mr. Ruston's complaint, we are satisfied that "it is founded on clearly baseless factual contentions." Dismissal is therefore warranted under § 1915(e)(2)(B). Accordingly, the district court's dismissal of his complaint is **AFFIRMED** on this alternative ground.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-4-