**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

|  |  |
|---|---|
| JOHN B. YANCEY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SAM A. CROW, Senior Judge, District Court of Kansas; CROW, CLOTHIER & ASSOCIATES; FNU SCRIVNER, Chaplin; FNU MULA, Warden/Director; CORRECTIONAL CORPORATION OF AMERICA, INC., Executive Board Members, <br><br> Defendants - Appellees. | No. 11-3232 <br> (D. Kan.) <br> (D.C. No. 5:10-CV-03248-RDR) |

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

John B. Yancey, proceeding pro se and *in forma pauperis* (*ifp*),[1] appeals from the district court's *sua sponte* dismissal of his complaint for failure "to state a claim upon which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B).[2] The district court reasoned the complaint contained nothing more than "conclusory allegations" without any meaningful factual support. (R. at 18.) We agree and affirm.

## I. BACKGROUND

While Yancey was incarcerated in a detention center operated by Corrections Corporation of America (CCA), he filed a § 1983 complaint against CCA and its employees. The complaint in that case claimed Yancey "was unlawfully denied access to religious call-out and religious materials" during his incarceration. *Yancey v. Scrivner*, No. 07-3175-SAC, slip op. at 1 (D. Kan. Jan. 13, 2009).[3] Senior United States District Judge Sam A. Crow dismissed the complaint because Yancey failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).[4] Before filing the

---

[1] The district court granted Yancey's motions to proceed without prepayment of fees in the district court and, inexplicably, on appeal. *See* 28 U.S.C. § 1015(a) and (c).

[2] Although 28 U.S.C. § 1915(e)(2)(B) was amended by the Prisoner Litigation Reform Act, it applies to all *ifp* proceedings. *See Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. App'x 666, 668 (10th Cir. 2008) (unpublished). An unpublished Order and Judgment is not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Ruston* only because of its reasoned analysis.

[3] We may "take judicial notice of court records" in related proceedings. *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).

[4] Defendants Scrivner and Mula (the chaplain and warden, respectively, of the CCA facility) were named in Yancey's complaint in the prior case. They are again named in the current complaint but Yancey fails to allege how either of them is connected to the alleged conspiracy.

complaint in the present case, he was released from confinement. This civil rights complaint alleges a "conspiracy" among the defendants to "manipulate cases against [CCA]." (R. at 3) It names Judge Crow and a variety of other defendants. It contends Judge Crow "should have recused himself because there are three separate Crows involved with [CCA]." [5] (*Id.*) He seeks compensatory and punitive damages.

## II.    DISCUSSION

We review de novo the district court's decision to dismiss a prisoner's complaint under § 1915(e)(2)(B) for failure to state a claim.[6] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

---

[5] As we read Yancey's complaint, the second Crow in the conspiracy was the Crow who was a named partner of Crow, Clothier, and Associates, the law firm which defended CCA against Yancey's first complaint. Yet the complaint names the law firm as a defendant, rather than the partner named Crow. The complaint never identifies the third Crow.

[6] Yancey's appellate brief does not contain any argument directly challenging the district court's conclusion. Because he is proceeding pro se, we construe his brief liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "have tried to discern the kernel of the issues [he] wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). Thus, we consider whether the district court erred in in dismissing Yancey's complaint.

The district court's order does not indicate whether it was a dismissal with or without prejudice. Nevertheless, since Yancey's complaint was dismissed without inviting him to amend it and without specifying whether the dismissal was without prejudice, we conclude the district court's order is a final appealable order supporting our jurisdiction over Yancey's appeal. *See Coffee v. Whirlpool Corp.,* 591 F.2d 618, 620 (10th Cir. 1979) (holding a dismissal without prejudice is a final appealable order when it "is intended to dispose of the cause of action"). Yancey's brief to this Court makes no mention, let alone argument, with respect to a possible entitlement to amend his complaint; we do not address that potential issue. He did not move to amend in the district court.

A conspiracy requires two or more persons to act in concert for an unlawful purpose. *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir. 1990); *see Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994). Accordingly, to state a claim for relief for conspiracy, Yancey's complaint must allege both (1) "a meeting of the minds or agreement among the defendants," and (2) an unlawful purpose. *See Brever*, 40 F.3d at 1126 (quoting *Abercrombie*, 896 F.2d at 1231).

Yancey's complaint fails to satisfy either of these requirements. First, it does not allege a meeting of the minds. It alleges only "there are three separate Crows involved with the [CCA]." (*Id.*) The complaint does not allege any agreement among the three Crows. Nor does it allege any communication among the defendants, so "there is nothing to give rise to the inference that [the defendants] conspired." *See Abercrombie*, 896 F.2d at 1231.

Likewise, Yancey's complaint fails to allege an unlawful purpose. The complaint only alleges Judge Crow should have recused himself because of the "sign of impropriety" of sitting on a case where other people with the surname of "Crow" were somehow involved with the defendant. (*Id.*) Judges should, of course, avoid the appearance of impropriety. *See, e.g.,* 28 U.S.C. § 455(a); *In re Charge of Judicial Misconduct*, 91 F.3d 1416, 1417-18 (10th Cir. Jud. C. 1996). But Yancey's complaint does not explain how an appearance of impropriety "manipulate[s] the outcome of cases" or how this alleged manipulation unlawfully violates his rights.[7] (*Id.*)

_____

[7] A complaint must "make clear exactly *who* is alleged to have done *what* to

- 4 -

In addition, judges are immune from suits for money damages unless the judge's misconduct is either taken outside his judicial capacity or his actions, even "though judicial in nature" are "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see Stein v. Disc. Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008). Since Yancey's complaint does not suggest Judge Crow's participation went beyond his involvement in Yancey's prior case, Judge Crow is immune from suit.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

*whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).