**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESTER JON RUSTON,

        Petitioner - Appellant,

v.

UNITED STATES OF AMERICA;
MICHAEL NALLEY; RICHARD
SCHOTT; CHRISTINA PIETZ; JAMES
KENNETH WOLFSON; MICHAEL
SARRAZIN; JAMES ROBERT
WOMACK; SHAWN CHANNELL,

        Defendants - Appellees.

No. 11-3311
(D.C. No. 5:11-CV-03003-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

In 2006, Lester Jon Ruston was found not guilty of a criminal charge by reason of

insanity. He is presently confined at the Federal Correctional Institution in Seagoville,

Texas.

---

      **\***After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On January 3, 2011, Mr. Ruston filed a pro se complaint and a motion for leave to proceed *in forma pauperis* ("*IFP*") in the United States District Court for the District of Kansas. In his complaint, Mr. Ruston attempted to assert several claims against various defendants, including the United States of America and Michael Nalley, the regional director of the north-central region of the Federal Bureau of Prisons.

Title 28 U.S.C. § 1915(e)(2)(B) provides that a court shall dismiss an *IFP* proceeding "if the court determines that . . . the action or appeal—(i) is frivolous or malicious; or (ii) fails to state a claim on which relief may be granted."[1] A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

After giving "careful consideration" to Mr. Ruston's complaint and subsequent pleadings, the district court concluded "that [Mr. Ruston's] factual allegations . . . [were] fantastic," *Ruston v. United States*, No. 11-3003-SAC, 2011 U.S. Dist. LEXIS 101194, at * 3 (D. Kan. Sept. 7, 2011), and that "the role of each [named] defendant in the acts alleged [was] not clear." *Id.* at *2. The district court therefore concluded that "the appropriate resolution of th[e] matter [was] summary dismissal pursuant to 28 U.S.C. §

---

[1] Although 28 U.S.C. § 1915(e)(2)(B) was amended by the Prisoner Litigation Reform Act, we concluded in *Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. Appx. 666, 668 (10th Cir. 2008) (unpublished), another case involving Mr. Ruston, that § 1915(e)(2)(B) applies to all *IFP* proceedings. Although that order and judgment is not binding precedent, *see* 10th Cir. R. App. P. 32.1, we find its analysis persuasive.

1915(e)(2)(B)[(i)]."[2]  Mr. Ruston now appeals the district court's order.[3]  He also has renewed his motion to proceed *IFP*.

We review a district court's dismissal of an *IFP* complaint for factual frivolousness under § 1915(e)(2)(b)(i) for abuse of discretion.  *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

After carefully reviewing Mr. Ruston's complaint and the relevant legal authority, we conclude that the district court did not abuse its discretion in concluding that the factual allegations in Mr. Ruston's complaint rise "to the level of the irrational or the wholly incredible."  We therefore affirm the district court's dismissal of Mr. Ruston's complaint as frivolous, deny Mr. Ruston's renewed application to proceed *IFP*, and assess a "strike" against Mr. Ruston under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

---

[2] The district court also dismissed Mr. Ruston's complaint for failure to state a claim upon which relief may be granted under § 1915(e)(2)(b)(ii).  Because we agree that the factual assertions in Mr. Ruston's complaint are frivolous, we need not and do not address this alternative basis for dismissing Mr. Ruston's complaint.

[3] Because Mr. Ruston is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").