**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALEMAYEHU GETACHEW,

      Plaintiff - Appellant,

v.

GOOGLE, INC.,

      Defendant - Appellee.

No. 12-1237
(D.C. No. 1:12-CV-00896-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Alemayehu Getachew, appearing pro se,[1] seeks review of the district court's

---

[*] After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Getachew is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

dismissal of his amended complaint. He also requests leave to proceed on appeal *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In his amended complaint, Mr. Getachew alleges that when all or part of his name is entered into Google's Internet search engine, the search results yield negative information about him. For example, Mr. Getachew was previously a plaintiff in an employment action, and he alleges that the summary judgment order in that case is available when part of his name is entered into Google's search engine. He also alleges that another Google search result links his name to a "[g]raduate position available in evolutionary systems biology." ROA, Vol. 1 at 38.

Mr. Getachew alleges that the online availability of the summary judgment order has hurt his employment opportunities. Accordingly, he asserts claims for (1) discrimination in violation of 42 U.S.C. § 1981, (2) retaliation under Title VII of the Civil Rights Act of 1964, and (3) negligence. Mr. Getachew also asserts a fourth claim for intentional infliction of emotional distress based on Google's "evolutionary systems biology" search result.[2]

Noting that Mr. Getachew was granted leave under 28 U.S.C. § 1915 to proceed *in forma pauperis*,[3] the district court dismissed the amended complaint under

---

[2] The amended complaint states that Mr. Getachew was "publicly humiliated, harassed, and intimidated" as a result of this search result. ROA, Vol. 1 at 43.

[3] Although 28 U.S.C. § 1915(e)(2)(B) was amended by the Prisoner Litigation Reform Act, we concluded in *Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304

Continued . . .

§§ 1915(e)(2)(B)(i) and (iii).  Under these subsections, a "court shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . (i) *is frivolous* or malicious; . . . or (iii) seeks monetary relief against a defendant who is *immune from such relief.*"  28 U.S.C. § 1915(e)(2)(B) (emphases added).

The district court determined that Mr. Getachew's discrimination claim was frivolous because he could not "demonstrate that [Google] intended to discriminate based on race . . . merely because access to a public record is available through an Internet search engine on [Google's] website."  ROA, Vol. 1 at 49.  The court found Mr. Getachew's Title VII claim to be frivolous because he failed to allege an employer-employee relationship with Google.  Finally, the court dismissed Mr. Getachew's state-law tort claims because Google has immunity from such claims under federal law.  *See* 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."); *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 985 (10th Cir. 2000).

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion."  *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).  "A district court may deem an in forma pauperis complaint frivolous only if it lacks an

F. Appx. 666, 668 (10th Cir. 2008) (unpublished), that § 1915(e)(2)(B) applies to all *in forma pauperis* proceedings.  Although that order and judgment is not binding precedent, *see* 10th Cir. R. App. P. 32.1, we find its analysis persuasive.

arguable basis either in law or in fact." *Id.* (quotations omitted); *see also Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) ("[A] district court may dismiss an in forma pauperis action as frivolous if the claim is based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." (alterations omitted) (quotations omitted)). We review de novo whether 47 U.S.C. § 230 grants a defendant immunity. *See Ben Ezra*, 206 F.3d at 984-85.

We have carefully reviewed Mr. Getachew's amended complaint, the record in this case, and the relevant legal authority. We conclude that the district court did not abuse its discretion in dismissing Mr. Getachew's federal claims as frivolous. These claims are indisputably meritless. *See Schlicher*, 111 F.3d at 779. The district court also was correct that Google is immune from Mr. Getachew's state-law claims under 47 U.S.C. § 230(c)(1). Under that provision, Google cannot be held liable for search results that yield content created by a third party. *See Ben Ezra*, 206 F.3d at 984-85.[4]

---

[4] On appeal, Mr. Getachew also asserts that Google violated his rights under the Thirteenth Amendment to the United States Constitution and that the company was unjustly enriched. He did not assert these claims in his amended complaint. We will not exercise our discretion to consider these issues for the first time on appeal. *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1070 (10th Cir. 2005).

We therefore affirm the district court's dismissal of Mr. Getachew's amended complaint under §§ 1915(e)(2)(B)(i) and (iii).  We also deny Mr. Getachew's renewed application to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge