FILED
United States Court of Appeals
Tenth Circuit

July 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MURTAZA ALI,

        Petitioner–Appellant,

v.

JOSEPH TAYLOR,

        Respondent–Appellee.

No. 12-6166
(D.C. No. 5:11-CV-00831-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

        Murtaza Ali, an Oklahoma state prisoner, appeals from the district court's

dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. He seeks a

certificate of appealability ("COA") and leave to proceed in forma pauperis ("IFP").

Exercising jurisdiction under 28 U.S.C. § 1291, we grant a COA and grant his motion to

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed IFP. On the merits, we reverse and remand to the district court for further proceedings.

**I**

In August 2010, Ali submitted a request-to-staff letter to the female administrator of the prison's faith-based program. In the letter, Ali inquired about the administrator's sexual orientation, citing religious beliefs that prohibited him from being instructed by a homosexual. The administrator responded by informing Ali that she interpreted his letter as sexual harassment and that further such correspondence would result in disciplinary action. The prison began an investigation into whether it would charge Ali with a disciplinary infraction. During its investigation, Ali was placed in short-term administrative segregation for approximately two weeks.

Like many states, Oklahoma allows its prisoners to earn good time credits, the accrual of which may result in the prisoner's early release. Each earned credit is equivalent to one day of prison. Ali had, until August 2010, reached credit-earning classification level three, earning forty-five credits per month. But pursuant to Oklahoma prison policy OP-060107, an assignment to level one, non-credit earning status, is mandatory when placed in short-term administrative segregation. Ali's classification level was thus dropped from three to one and he ceased earning good time credits while in segregation.

Ali filed his § 2241 petition in federal court, naming Warden Joseph Taylor as respondent. He argued that he was denied due process under the Fourteenth Amendment

when he was demoted to a non-credit-earning classification level. He contends that the investigation—and subsequent transfer to segregation—was meritless and arbitrary. Ali asserts that his classification level, in which he allegedly held a liberty interest, was reduced for exercising his First Amendment rights.

The district court adopted the magistrate judge's report and recommendation, which found that Ali's reduced credit-earning classification did not implicate a liberty interest because the prison officials had discretion over Ali's placement in segregation, which caused the demotion. The district court therefore concluded there was no due process violation and dismissed Ali's petition. Ali filed a timely notice of appeal, which this court construes as an application for a COA. See Fed. R. App. P. 22(b)(2). Ali and the respondent have fully briefed the merits on appeal.

**II**

Ali's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2241 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241).

We review the district court's dismissal of Ali's § 2241 petition de novo. Abernathy v. Wandes, 713 F.3d 538, 544 (10th Cir. 2013). For the reasons discussed

-3-

below, we conclude that Ali has made a "substantial showing of the denial of a constitutional right" on the liberty-interest issue and therefore grant a COA. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Additionally, because both parties fully briefed the issue, we turn to the merits of Ali's claim that he had a constitutionally protected liberty interest in his credit-earning classification.

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005). "Although their due process rights are defined more narrowly, that guarantee applies to prisoners as well." Id. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that a prisoner is entitled to due process before he is subjected to disciplinary conduct that "inevitably affect[s] the duration of his sentence." Id. at 484, 487.

To make a claim that he was entitled to due process before having his credit-earning level reduced, Ali "must assert the infringement of a protected liberty interest." Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Estate of DiMarco v. Wyo. Dep't of Corr., 473 F.3d 1334, 1339 (10th Cir. 2007) (quoting Wilkinson v. Austin, 545 U.S. 209, 221 (2005)); see also Ky. Dep't. of Corr. v. Thompson, 490 U.S. 454, 461 (1989) ("[S]tate law may create enforceable liberty interests in the prison setting."). Ali argues that he had a liberty interest in his

-4-

credit-earning classification. Taylor submits as a rule of law the proposition that Oklahoma inmates have no liberty interest in their credit-earning classification, only in previously-earned good time credits, citing largely unpublished, nonprecedential cases from the 1990s and earlier. Taylor is misguided.

In Wilson, we held that the petitioner, an Oklahoma state prisoner, had a liberty interest in his credit-earning classification after he was convicted of misconduct and his classification level was mandatorily reduced from four to one. 430 F.3d at 1120. We reasoned that the petitioner was entitled to due process protections because once the petitioner was convicted of misconduct, prison officials exercised no discretion over his demotion and the demotion inevitably impacted his sentence. Id. at 1120-21, 24 (citing Sandin, 515 U.S. at 487). We have clarified that an Oklahoma prisoner's liberty interest in his credit-earning classification is not "unconditional"; rather, it depends on whether the classification demotion was mandatory. Cardoso v. Calbone, 490 F.3d 1194, 1198 (10th Cir. 2007) (holding that in contrast to Wilson, the petitioner's reduction in classification was "not mandatory" and therefore did not implicate a liberty interest).

In Wilson, the deciding factor was that the demotion itself—as opposed to the misconduct conviction that led to the demotion—was mandatory. 430 F.3d at 1120-21, 24. Our holding in Wilson that the petitioner possessed a liberty interest in his credit-earning classification turned on the fact that the "[p]rison officials exercised absolutely no discretion over the imposition of [the demotion] and had no discretion to allow Mr. Wilson to avoid [it]." Id. at 1120-21. Wilson and Cardoso thus indicate that if Ali's

demotion was not discretionary and inevitably affected the duration of his sentence, he had a liberty interest in his credit-earning classification level. See Cardoso, 490 F.3d at 1198.

In this case, prison officials had no discretion over the imposition of Ali's demotion; the only discretionary consideration was the transfer to segregation. Ali's demotion was "not the result of prison officials' discretion after they considered a number of factors," but was purely automatic. Wilson, 430 F.3d at 1121. Furthermore, Ali's demotion impacted the duration of his sentence. See id. at 1123. Like the petitioner in Wilson, the impact of the demotion on Ali's sentence is "directly traceable and clearly evident: but for the demotion, [Ali] would have continued to earn credits." Id. at 1121.

We therefore conclude that Ali has a constitutionally protected interest in his credit-earning classification level. We express no opinion on the merit of Ali's underlying First Amendment claim or the propriety of the prison investigation and transfer.

**III**

We **GRANT** a COA and the motion to proceed IFP, **REVERSE** the district court on the liberty-interest issue, and **REMAND** for further proceedings.

Entered for the Court

Carlos F. Lucero
Circuit Judge