FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MURTAZA ALI,

Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent-Appellee.

No. 13-6065
(D.C. No. 5:12-CV-00736-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Murtaza Ali, an Oklahoma state prisoner, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241. We affirm.

## I.  BACKGROUND

Mr. Ali signed a letter with a number of other prisoners complaining about the conditions of the prison in which they were housed. The letter was addressed to

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

various state officials and was sent by another prisoner. After prison officials were informed of the letter, they determined that Mr. Ali had violated a provision of Oklahoma prison policy OP-030117 regarding prisoner correspondence. That provision states that "[o]utgoing correspondence may only contain mail from the offender whose name appears on the envelope. Letters . . . from other parties to be forwarded is prohibited." OP-030117 § I(A)(4). But in lieu of bringing a formal misconduct charge, a prison unit classification committee decided to demote Mr. Ali's credit-earning level pursuant to prison policy OP 060107. *See* OP 060107 § I(A)(2)(a)(4) (stating that at the "discretion of staff" an offender must be assigned level one status in place of filing misconduct charges). Mr. Ali thus went from a credit-earning classification level four, earning 60 days per month of good time credits, to level one, earning zero credits.[1]

After his grievances were denied, Mr. Ali filed a § 2241 petition in federal court alleging that his demotion without a hearing violated his due process rights under the Fourteenth Amendment. He contended that the decision to demote his credit-earning classification, in which he allegedly held a liberty interest, was arbitrary and came only as retaliation for exercising his First Amendment rights. The district court adopted the magistrate judge's report and recommendation, which determined that Mr. Ali did not hold a liberty interest in his credit-earning

---

[1]     Under Oklahoma law, the accrual of good time credits may result in the prisoner's early release.

- 2 -

classification level because the prison officials' demotion was discretionary. *See Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007) (inmate's credit-earning classification implicates a liberty interest only if the demotion was mandatory). The district court thus concluded there was no due process violation and denied Mr. Ali's petition.

Mr. Ali filed an application for a certificate of appealability, which this court granted. We now review the merits of his appeal.

## II. DISCUSSION

We review the district court's dismissal of Mr. Ali's § 2241 petition de novo. *Abernathy v. Wandes*, 713 F.3d 538, 544 (10th Cir. 2013). "The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that prisoners are entitled to due process before being subjected to disciplinary conduct that inevitably affects the duration of their sentence. *Id.* at 484, 487.

To make a claim that he was entitled to due process before having his credit-earning classification level reduced, Mr. Ali "must assert the infringement of a protected liberty interest." *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also*

*Ky. Dep't. of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) ("[S]tate law may create enforceable liberty interests in the prison setting."). Mr. Ali argues that he had a liberty interest in his credit-earning classification level in this case. We disagree.

In *Wilson* and *Cardoso*, we emphasized that the liberty-interest question in cases involving prisoner credit-earning-level demotions turns on whether the demotion itself was discretionary. In fact, we recently remanded a case involving this petitioner after concluding his demotion implicated a liberty interest because the demotion was mandatory, even though the underlying decision that triggered the demotion was discretionary. *See Ali v. Taylor*, 528 F. App'x 918, 921 (10th Cir. 2013). But unlike the cases above, and despite contradictory language in the prison policy that uses the words "mandatory" and "discretionary" in the same provision,[2] the demotion itself was discretionary in this case. Mr. Ali's demotion was not a mandatory consequence of a prison policy, but was purely within the discretionary decision-making authority of the unit classification committee. Thus, unlike in *Wilson* and *Ali*, prison officials retained the discretion to allow Mr. Ali to avoid the demotion. We therefore conclude that Mr. Ali did not have a liberty interest in his credit-earning classification.

---

[2] The provision reads: "Level 1 assignment is mandatory . . . at the discretion of staff when an offender fails to address a deficiency (i.e. failure to maintain personal hygiene or maintain living area, refusal or failure of a program, in lieu of a misconduct)." OP 060107 § I(A)(2)(a)(4). Such tangled language creates complications because the liberty-interest question depends on whether the demotion is mandatory or discretionary.

To the extent Mr. Ali claims his First Amendment rights were violated, we conclude he has failed to carry his burden of showing that the demotion was a result of retaliation and not, as the prison claims and the evidence shows, because he violated a policy that prohibits mail forwarding. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) ("Habeas corpus is a civil proceeding and the burden is upon the petitioner to show by a preponderance of the evidence that he is entitled to relief."). Mr. Ali fares no better with his request for an evidentiary hearing. A habeas petitioner must show good cause for discovery by setting forth good reasons to believe he can demonstrate entitlement to relief. *Curtis v. Chester*, 626 F.3d 540, 548 (10th Cir. 2010). But Mr. Ali has not suggested—must less demonstrated—that an evidentiary hearing "would reveal anything the district court did not consider." *See id*.

Finally, to the extent that Mr. Ali argues prison officials violated Oklahoma prison policy when they demoted him, we note that a § 2241 habeas petition is not the proper mechanism for such a claim. *See* 28 U.S.C. § 2241(c)(3) (habeas relief is available to state prisoners only for violations of the federal Constitution, a federal statute, or a federal treaty).

The judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge