FILED
United States Court of Appeals
Tenth Circuit

June 5, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GARLAND E. WILLIAMS,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
MARTIN L.C. FELDMAN, U.S. District
Judge for the Eastern District of Louisiana;
MICHAEL B. NORTH, U.S. Magistrate
Judge for the Eastern District of Louisiana,

    Defendants - Appellees.

No. 19-3018
(D.C. No. 2:18-CV-02540-CM-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Garland Williams, proceeding pro se and in forma pauperis, appeals the

district court's dismissal of his complaint for failure to state a claim, pursuant to

28 U.S.C § 1915(e)(2)(B). Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.

Williams filed a civil complaint in the United States District Court for the District of Kansas on October 10, 2018. The complaint named as defendants the United States of America, U.S. District Judge for the Eastern District of Louisiana Martin Feldman, and U.S. Magistrate Judge for the Eastern District of Louisiana Michael B. North. Because Williams was proceeding in Kansas district court in forma pauperis, a magistrate judge sua sponte reviewed Williams's complaint and, subsequently, recommended that the district court dismiss it.

In her Report and Recommendation, the magistrate judge found that while Williams's complaint "references the United States District Court for the District of Louisiana's lack of jurisdiction" and "the . . . judges' failure to meet their obligations," the "complaint does not make clear what, if any, factual basis these claims rest on." ROA at 45. The magistrate judge noted that Williams's complaint was difficult to understand. Though the judge was able to discern that Williams's complaint "seems to arise from factual allegations that the Magistrate Judge's Report and Recommendation in *Williams v. USA et. al.*, 2:18-cv-2552-F-5 (E.D. La. 2018), was improper," she nonetheless found it "unclear what claim or claims [Williams] is asserting" before the district court in Kansas, or whether there is a factual basis for the court's jurisdiction over those claims. ROA at 45–46.

The magistrate judge also found that venue was not proper in Kansas because both Williams and the defendants reside in Louisiana and "the events giving rise to [Williams's] claim occurred in Louisiana." ROA at 46. Lastly, the magistrate judge

2

observed that any claims Williams has against Judge Feldman and Magistrate Judge North would be barred by judicial immunity, and that the United States "is also likely immune from this suit." ROA at 46.

The district court adopted the Report and Recommendation and dismissed Williams's complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Williams timely appealed.

II.

This court reviews de novo a district court's dismissal of a pro se complaint for failure to state a claim. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Pursuant to § 1915(e)(2)(B)(ii), the court may dismiss sua sponte an in forma pauperis action that fails to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B)(ii).[1] "Such dismissal is warranted only where it is patently obvious that the plaintiff could not prevail on the facts alleged," and that an opportunity for amendment would be futile. *Whitney*, 113 F.3d at 1173 (citations and quotations omitted).

Williams fails to show how the district court erred in dismissing his complaint. Like the complaint at issue, Williams's opening brief is difficult to understand. Even

---

[1] Although 28 U.S.C. § 1915(e)(2)(B) refers to "prisoners," this court has repeatedly concluded that § 1915(e)(2)(B) "applies to all *in forma pauperis* proceedings." *Getachew v. Google, Inc.*, 491 F. App'x 923, 925 (10th Cir. 2012); *see also Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. App'x 666, 668 (10th Cir. 2008).

after construing his pleadings liberally, as we must, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), we cannot discern any meaningful argument, and we find no error below. The adopted Report and Recommendation correctly noted that Williams's complaint lacks even basic factual assertions: the complaint does not reveal what the factual basis of Williams's claims is. As such, the district court did not err in concluding that Williams failed to "nudge his claims across the line from conceivable to plausible." ROA at 61 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Indeed, we are not able discern from the complaint what claims Williams is attempting to state.

Finally, the district court did not err in concluding that offering Williams the opportunity to amend his complaint would be futile because "he still could not overcome the hurdles of immunity and venue." ROA at 61. On appeal, Williams does not explain why venue is proper in Kansas, i.e., whether Defendants are residents of Kansas or whether "a substantial part of the events or omissions giving rise to the claim occurred" in Kansas. *See* 28 U.S.C. § 1391(b). Nor does Williams explain why Judge Feldman, Judge North, or the United States would not be immune from suit. *See Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government . . . from suit.").

Accordingly, we conclude the district court did not err in dismissing Mr. Williams's case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4

III.

We AFFIRM the judgment of the district court.


                                    Entered for the Court


                                    Allison H. Eid
                                    Circuit Judge