**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM HENRY DEASE,

    Plaintiff - Appellant,

v.

AMANDA WEBB, in her individual
capacity, Unit Manager in Unit J at Joseph
Harp Correctional Center and in her
official capacity, Unit Manager in Unit J at
Joseph Harp Correctional Center;
ALLISON GIBSON, in her individual
official capacity, Unit Manager in Unit J at
Joseph Harp Correctional Center and in her
official capacity, Unit Manager in Unit J at
Joseph Harp Correctional Center;
ALLISON GIBSON, in her individual
official capacity, Unit Manager in Unit J at
Joseph Harp Correctional Center and in her
official capacity, Unit Manager in Unit J at
Joseph Harp Correctional Center; SAM
PRESTON, in his individual capacity, Unit
Manager in Unit J at Joseph Harp
Correctional Center and in his official
capacity, Unit Manager in Unit J at Joseph
Harp Correctional Center; SERGEANT
PAGE, in his individual and official
capacity,

    Defendants - Appellees.
_____

No. 19-6068
(D.C. No. 5:18-CV-00282-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

William Henry Dease, a former Oklahoma state prisoner appearing pro se,[1]

appeals the district court's dismissal of his 42 U.S.C. § 1983 action.  He also requests

permission to proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm and deny his *ifp* request.

Mr. Dease sued under federal and state law concerning his treatment by

officials ("Defendants") at the Joseph Harp Correctional Center ("JHCC").  In a

disciplinary hearing, JHCC officials found Mr. Dease guilty of "menacing staff."

ROA, Vol. 2 at 122.  He received 30 days of disciplinary segregation, 90 days of

canteen restriction, and 90 days of telephone restriction.

In his second amended complaint, Mr. Dease alleged the Defendants (1)

brought a "bogus" misconduct charge against him, (2) improperly denied his right to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Dease appears pro se, we afford his filings a liberal construction, but we do not craft arguments or otherwise advocate for him.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

obtain and present evidence, (3) conspired and were biased against him in the disciplinary proceedings, (4) retaliated against him, (5) improperly transferred him to another prison, (6) improperly demoted his good time credits,[2] (7) seized and/or destroyed his legal materials, and (8) violated the Oklahoma Open Records Act and the Freedom of Information Act ("FOIA").

The district court dismissed all of Mr. Dease's claims based on a magistrate judge's recommendation. As to claims (1), (2), (3), (4), and (7), the court converted Defendants' motion to dismiss to a motion for summary judgment and granted the motion based on failure to exhaust these claims.[3] As to claims (5) and (6), the court dismissed them under 28 U.S.C. § 1915(e)(2)(B).[4] It also dismissed Mr. Dease's FOIA claim because FOIA does not apply to state governments. Finally, it dismissed Mr. Dease's state law claim under the Oklahoma Open Records Act after declining to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(a).

---

[2] "Under Oklahoma law, the accrual of good time credits may result in the prisoner's early release." *Ali v. Franklin*, 554 F. App'x 702, 703 n.1 (10th Cir. 2014) (unpublished). A credit-level demotion refers to losing accrued credits. *See* Okla. Stat. Ann. tit. 57, § 138(C).

[3] The district court converted Defendants' motion because they relied on materials outside the second amended complaint. *See* Fed. R. Civ. P. 12(d).

[4] Although 28 U.S.C. § 1915(e)(2)(B) refers to "prisoners," this court has concluded the statute "applies to all *in forma pauperis* proceedings." *Getachew v. Google, Inc.*, 491 F. App'x 923, 925 n. 2 (10th Cir. 2012) (unpublished); *see also Williams v. United States*, 2019 WL 2373557, at *2 n.1 (10th Cir. 2019) (unpublished).

On appeal, Mr. Dease has filed a five-page brief. We have reviewed the 456-page record. He fails to show how the district court erred. He continues to present allegations against Defendants in his appellate materials, but he has not addressed the grounds on which the district court dismissed his complaint. An appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cty. of Denver,* 784 F.3d 1364, 1366 (10th Cir. 2015). His failure to explain why the district court's order was wrong waives any argument for reversal. *See Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) ("[T]he inadequacies of Plaintiff's briefs disentitle him to review by this court.").

We affirm the district court's judgment. Because Mr. Dease has failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012), we deny his motion to proceed *ifp*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

4