FILED
United States Court of Appeals
Tenth Circuit

January 25, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MOREHEI PIERCE,

    Plaintiff - Appellant,

v.

KRIS KOBACH, TIM EASLEY; JEFF
ZMUDA,

    Defendants - Appellees.

No. 23-3155
(D.C. No. 5:23-CV-04059-EFM-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.
_____

Morehei Pierce, proceeding pro se and in forma pauperis, appeals the district

court's dismissal of his complaint for failure to state a claim, pursuant to 28 U.S.C.

§ 1915(e)(2)(B).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Pierce filed a civil complaint pursuant to 42 U.S.C. § 1983 in the United States

District Court for the District of Kansas on July 21, 2023.  The complaint named as

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defendants Kris Kobach, in his capacity as Attorney General of Kansas; Tim Easley, in his capacity as Warden at Larned Correctional Mental Health Facility; and Jeff Zmuda, in his capacity as Secretary of the Kansas Department of Corrections. Pierce alleges that officers at Larned Correctional Mental Health Facility ignored "repeated reports" that "inmates were making racial threats prior to [Pierce] being attacked and injured" on two occasions while Pierce was incarcerated at the facility. ROA at 6. Magistrate Judge Angel Mitchell granted Pierce leave to proceed in Kansas district court in forma pauperis. The magistrate judge then sua sponte reviewed Pierce's complaint and recommended that the district court dismiss it.

In her Report and Recommendation, the magistrate judge explained that while Pierce's complaint "names Kobach, Easley, and Zmuda as defendants, it does not set forth any facts about, or attribute any actions to, these individuals." ROA at 27. The magistrate judge indicated that Pierce's complaint was difficult to discern, but that he "appears to be asserting an Eighth Amendment claim for inhumane conditions of confinement, suggesting officers were deliberately indifferent to his safety." *Id.* at 28. Because supervisors of prison officials cannot be held vicariously liable for the actions of those they supervise, a plaintiff must plead that the official's individual actions violated the Constitution. *See Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The magistrate judge found that Pierce had failed to state a claim because his complaint "lacks any factual contention that one or more of these defendants, acting under color of state law, caused Pierce to be deprived of his Eighth Amendment rights . . . as is necessary to

2

support a § 1983 claim." ROA at 28–29.  Pierce objected to the Report and Recommendation on the basis that he had filed a grievance, which he believed rendered the defendants liable.  The district court rejected Pierce's objection, noting that Pierce "confuses knowledge of a grievance with allegations tying a defendant to the facts underlying a claim" and adopted the Report and Recommendation, dismissing Pierce's complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *Id.* at 33.  Pierce timely appealed.

## II.

We review de novo a district court's sua sponte dismissal of a pro se complaint in an in forma pauperis proceeding pursuant to 28 U.S.C. § 1915(e)(2).[1]  *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).  Sua sponte dismissals are generally disfavored, and dismissal for failure to state a claim under § 1915(e)(2) "is warranted only where it is patently obvious that the plaintiff could not prevail on the facts alleged," and an opportunity for amendment would be futile.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citations and internal quotation marks omitted).

Pierce's brief fails to demonstrate how the district court erred in dismissing his complaint.  Pierce simply states that "ignoring evidence isn't complying with the

---

[1] Although 28 U.S.C. § 1915(e)(2)(B) refers to "prisoners," this court has repeatedly concluded that § 1915(e)(2)(B) "applies to all *in forma pauperis* proceedings."  *Getachew v. Google, Inc.*, 491 F. App'x 923, 925 (10th Cir. 2012); *see also Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 F. App'x 666, 668 (10th Cir. 2008).

constitution" and that "none of the evidence was considered in this case." Aplt. Br. at 4. Though we are directed to construe a pro se party's pleadings liberally, it is not the "proper function" of a court "to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A broad reading of Pierce's complaint does not relieve him from the duty to make a recognized legal claim. As the magistrate judge correctly noted, the plaintiff in a deliberate indifference case "must show an 'affirmative link' between [the official] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." ROA at 28; *see also Keith*, 843 F.3d at 838 (quoting *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 767 (10th Cir. 2013)). Pierce alleges no affirmative link at all. He simply infers that the defendants at one point saw his grievance report. The theory of vicarious liability does not apply to suits against government officials for the unconstitutional conduct of their subordinates. *See Iqbal*, 556 U.S. at 676. In light of Pierce's failure to allege any unconstitutional actions by the defendants, we agree with the district court that Pierce has failed to state a claim on which relief may be granted.

"Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *Mountain View Pharmacy v. Abbott Lab'ys*, 630 F.2d 1383, 1389 (10th Cir. 1980) (citing *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1969)). Pierce does not argue that he should be given an opportunity to amend, nor does his brief on appeal include any new information that indicates the deficiencies

in his complaint are curable.  The defendants in this action are all supervisors, thus Pierce's claims against them necessarily rely on a disallowed theory of supervisory liability.  Given this fundamental failure in Pierce's claim, we agree with the district court that offering Pierce the opportunity to amend his complaint would be futile.

Even if Pierce's underlying complaint did allege an affirmative link between the defendants and the alleged constitutional violation, his briefing fails the basic requirements of appellate procedure.  "This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted). Federal Rule of Appellate Procedure 28 requires, among other things, an appellant's brief to include a "statement of the issues presented for review," a "concise statement of the case setting out the facts relevant to the issues submitted for review," and an argument that contains "appellant's contentions and the reasons for them, with citations to the authorities and parties of the record on which the appellant relies." Fed. R. App. P. 28.  "Under Rule 28, which applies equally to pro se litigants, a brief must contain . . . more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005) (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). Pierce vaguely accuses the defendants and the district court of ignoring evidence and somehow failing to consider the Federal Bureau of Investigation.  His brief lacks any explanation as to how and where the district court erred, or what he even seeks on appeal.  The inadequacies of his brief render review impossible.

Accordingly, we conclude the district court did not err in dismissing Pierce's case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III.

We AFFIRM the judgment of the district court.


Entered for the Court


Allison H. Eid
Circuit Judge